UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHINOOK USA, LLC                                                                                              PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:15-CV-00240-CRS
                                                     Bankr. No. 15-30057-acs (Chapter 11)
                                                     A.P. No. 15-03006

DUCK COMMANDER, INC., et al.                                                                          DEFENDANTS

**MEMORANDUM OPINION**

Before Plaintiff Chinook USA, LLC ("Chinook") filed for bankruptcy and subsequently filed an adversary proceeding against Defendants Duck Commander, Inc. ("Duck Commander"), 3292 Brands, LCC ("Brands"), and Dahlen Associates, Inc. ("Dahlen") (collectively, "Defendants"), Chinook filed suit in this Court involving the same license agreement, payments, and factual background as the adversary proceeding. Defendants now move this Court to withdraw reference to bankruptcy court of the adversary proceeding, consolidate the adversary proceeding with the pending district court case, and dismiss the claims or transfer venue to another district court. Chinook opposes Defendants' motion.

For the reasons stated below, the Court will grant Defendants' motion in part and withdraw reference to bankruptcy court of the adversary proceeding and consolidate the adversary proceeding with the pending district court case, civil action No. 3:14-CV-01015-CRS. The Court will deny Defendants' motion in part to the extent Defendants move the Court to dismiss the claims or transfer venue.

United States district courts have exclusive jurisdiction over bankruptcy cases, 28 U.S.C. § 1334(a), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In the Western District of Kentucky, under 28 U.S.C. § 157(a) and Local Rule 21, most bankruptcy related matters are referred automatically to bankruptcy court. However, under 28 U.S.C. § 157(d), the Court "may withdraw, in whole or in part, any case or proceeding … on its own motion or on timely motion of any party, for cause shown."

Chinook's adversary proceeding against Defendants was referred to the bankruptcy court under Section 157(a). While the Bankruptcy Code does not define "cause" to withdraw reference, courts have considered various factors in determining whether cause exists, including: (1) promoting judicial economy; (2) promoting uniformity and expediency in bankruptcy administration; (3) reducing forum shopping and confusion; (4) fostering the economical use of the debtor's and creditor's resources; and (5) the presence of a jury demand. *See Big Rivers Elec. Corp. v. Green River Coal Co.*, 182 B.R. 751, 754-55 (W.D. Ky. 1995) (aggregating factors considered by different courts). In particular, where a proceeding within bankruptcy involves common legal and factual issues with a case pending in district court, "the overlapping of facts, transactions and issues in the two cases … is good cause for withdrawal of the reference and consolidation with the district court proceeding." *Id.* at 755 (internal quotation and citation omitted).

Here, the existence of a pending district court case with overlapping facts, parties, issues, and requested relief strongly weighs in favor of withdrawing the adversary proceeding's reference to bankruptcy court. Chinook filed a suit in this district court against Defendants alleging, among other claims, breach of a license agreement between Chinook and Duck

Commander. In that lawsuit, Chinook seeks "the $1,750,000 it has paid to [Duck Commander]" under the license agreement. *Chinook USA, LLC v. Duck Commander, Inc., et al.*, Civil Action No. 3:14-CV-01015-CRS, Amend. Compl. ¶ 97. In the adversary proceeding, Chinook is seeking the same amount for Duck Commander's failure to comply with the same license agreement due to similar non-compliance. Advisory Proceeding, Compl. ¶ 35. In each instance, Chinook seeks recovery for non-compliance from Duck Commander, Brands, and Dahlen.

Promoting judicial economy compels this Court to withdraw reference. Duck Commander's filing of a proof of claim does not alter this analysis. *Cf.* Pl.'s Surreply, ECF No. 6. There is an existing and preceding civil action between these parties involving overlapping facts, issues, and relief. Allowing this adversary proceeding to continue in bankruptcy court while a parallel suit proceeds in district court would waste judicial resources. Further, consolidation with the district court lawsuit would not hinder expedient and uniform bankruptcy administration.

The Court will grant Defendants' motion to withdraw reference to bankruptcy court of the adversary proceeding and consolidate the adversary proceeding with the pending district court case, civil action No. 3:14-CV-1015-CRS. The Court will deny Defendants' motion to dismiss or transfer venue as moot. The Court will also deny Chinook's motion for leave to file surreply as moot.

A separate order will be entered in accordance with this opinion.

January 7, 2016

Charles R. Simpson III, Senior Judge
United States District Court